UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
LOIS ILICH KOHO,                    )   No. C05-667RSL
                                    )
                 Plaintiff,         )
                                    )
         v.                         )   ORDER DENYING MOTION FOR
                                    )   LEAVE TO AMEND ANSWERS
                                    )
                                    )
FOREST LABORATORIES, INC., *et al.*,)
                                    )
                 Defendants.        )
_____ )

This matter comes before the Court on the "Defendants' Motion for Leave to Amend Answers." Dkt. # 73. Defendants seek leave to amend their comparative fault affirmative defenses to identify the people and entities that they allege are at fault under RCW 4.22.070.

## BACKGROUND

This is a products liability case arising out of the suicide of Ray Ilich just days after he began taking Celexa in August 2002. Compl. (Dkt. # 1) ¶¶ 6-8. Plaintiff, the widow of Ray Ilich and personal representative of his Estate, filed her complaint in the above-captioned case in April 2005. Compl. (Dkt. #1). The case was transferred to the Eastern District of Missouri in 2006 for consolidated pre-trial proceedings. See Transfer Order (Dkt. #26) at 1. The parties engaged in discovery during the multi-district litigation proceedings and on August 28, 2013, the case was remanded to this Court to complete case-specific discovery and other pre-trial proceedings. Remand Order (Dkt. # 28) at 1. The Court entered a scheduling order in October

ORDER DENYING MOTION
FOR LEAVE TO AMEND ANSWERS

2013, setting May 7, 2014 as the deadline for amended pleadings. Scheduling Order (Dkt. # 38). On May 7, 2014, defendants filed amended answers. Am. Answers (Dkt. # 65, 66)). However, because more than 21 days had passed since defendants served their answers on plaintiff and they did not seek leave of court or obtain plaintiff's consent, see Fed. R. Civ. P. 15(a), the Court issued an order to show cause why the amended answers should not be stricken. Order to Show Cause (Dkt. # 68). In response to the Court's order, defendants filed the motion presently before the Court. Dkt. # 73. The deadline for completing discovery is July 6, 2014, and trial is scheduled to begin November 3, 3014. Scheduling Order (Dkt. # 38).

## DISCUSSION

Fed. R. Civ. P. 15 ("Rule 15") and Fed. R. Civ. P. 16 ("Rule 16") govern amendments to pleadings. Although Rule 15(a) is based upon a "strong policy in favor of allowing amendment," Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994), Rule 15(a) does not control after a court has entered a pretrial scheduling order and the deadline for amendments of pleadings has passed. Precor Inc. v. Fitness Quest, Inc., No. C05-0993L, 2007 WL 136749, at *1 (W.D. Wash. Jan. 12, 2007). When a party seeks to amend a pleading after the date set forth in the scheduling order, that party "must first show good cause for amendment under Rule 16, then if good cause be shown, the party must demonstrate that amendment was proper under Rule 15." Paz v. City of Aberdeen, No. C13-5104 RJB, 2013 WL 6163016, at *2 (W.D. Wash. Nov. 25, 2013) (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992)).

Rule 16 requires "good cause" and "the judge's consent" in order to modify a scheduling order and allow amended pleadings after the deadline. The "good cause" standard focuses on the diligence of the party requesting amendment. Johnson, 975 F.2d at 609. If a party has acted diligently yet still cannot reasonably meet the scheduling deadlines, the district court may allow modification of the pretrial schedule. Id. However, "if that party was not diligent, the inquiry should end" and the motion to modify should not be granted. Id.; Millenkamp v. Davisco Foods Intern., Inc., 448 Fed. Appx. 720, 721 (9th Cir. 2011); Zivkovic v. Southern Cal. Edison Co.,

ORDER DENYING MOTION
FOR LEAVE TO AMEND ANSWERS            -2-

302 F.3d 1080, 1087 (9th Cir. 2002).  This Court's local rules further instruct that the dates in the scheduling order are binding and that the provisions of Local Civil Rule 16 "will be strictly enforced" in order to "accomplish effective pretrial procedures and avoid wasting the time of the parties, counsel, and the court."  LCR 16(b)(4), (m).  While prejudice to the party opposing the modification may provide an additional reason for denying the motion, it is not required to deny a motion to amend under Rule 16(b).  Coleman v. Quaker Oats Co., 232 F.3d 1271, 1295 (9th Cir. 2000) (citing Johnson, 975 F.2d at 609).

     Defendants seek leave to amend their answers to supplement their affirmative defenses to identify "Randall K. Gould, M.D., Mill Creek Family Practice, P.L.L.C., Mill Creek Family Practice Clinic, Mill Creek Family Medicine, Inc., Peter Moore, Psy.D., and John Zimburean, M.D." as the entities they contend are at fault and among whom fault should be apportioned under RCW 4.22.070.  Dkt. # 73-1 at 5; Dkt. # 73-2 at 5.  Defendants argue that they "simply seek to make the non-parties' at fault identities clear for the November 3, 2013, trial," id. at 3, but nothing in the record suggests that defendants have been diligent in seeking these amendments.  This case was originally filed in 2005 and the parties have been engaged in discovery since nearly that time.  Defendants took plaintiff's deposition more than five years ago and they deposed Dr. Gould in December 2013.  Dkt. # 85 at 37, 40.  The amendments defendants seek are not based on new facts.  Moreover, defendants do not argue that there were circumstances that prevented them from moving to amend their answers between the original filing of their answers in May 2005 and the amendment deadline.  Despite ample time and opportunity to amend their answers, defendants did not attempt to supplement their affirmative defenses before the deadline and they provide no reason for their failure to comply with the deadlines set by the Court.  Because defendants have not demonstrated that they acted diligently, they have not satisfied Rule 16's good cause standard.  Johnson, 975 F.2d at 609.

## CONCLUSION

For all of the foregoing reasons, defendants' motion for leave to amend (Dkt. # 73) is

DENIED.  Defendants' amended answers (Dkt. # 65, 66) are hereby STRICKEN.

DATED this 1st of July, 2014.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION
FOR LEAVE TO AMEND ANSWERS           -4-